IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Fedor Kozlov,<br><br>    Plaintiff,<br><br>  v.<br><br>City of Chicago, et al.,<br><br>    Defendants. | Case No. 21-CV-6904<br><br>Judge Sara Ellis<br><br>**Ravago Plaintiffs' Opposition<br>to Reassignment** |

## INTRODUCTION

Reassignment requires balancing competing goals: on the one hand, judicial efficiency when multiple cases present the same issue, and on the other hand, the right of every litigant to full, fair, and independent consideration of their claims. Local Rule 40.4 provides a two-step process to guide district court judges in the exercise of their discretion whether to reassign a case from a colleague into their court.

Here, the Movants (the City of Chicago Defendants) have failed to file a procedurally sufficient motion for reassignment. But even if they had, this Court should still decline reassignment because the *Kozlov* and *Ravago* cases present substantially different and distinct arguments, issues, and claims that are not conducive to joint consideration. At the end of the day, each of the cases have five unique claims, and on the one claim that overlaps, different theories. Plus, the Ravago Plaintiffs have a whole separate set of claims and concerns as to Cook County.

## ARGUMENT

Local Rule 40.4(a) requires a two-step process for reassignment; "the moving party must satisfy the requirements of both LR 40.4(a) and 40.4(b)." *Williams v. Walsh Constr.*, No. 05 C 6807, 2007 U.S. Dist. LEXIS 3970, at *3 (N.D. Ill. Jan. 16, 2007). Under LR 40.4(a), "[t]wo or

1

more civil cases may be related if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class-action suits, one or more of the classes involved in the cases is or are of the same." LR 40.4. The "or" among the four elements means only one must be met.

However, "LR 40.4(b) requires more stringent criteria for the case to qualify for reassignment." *Williams*, 2007 U.S. Dist. LEXIS 3970, at *3. Under LR 40.4(b): "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding." The operative conjunction here is "and"—all four elements must be met.

Separately, "[U]nder LR 40.4(c), the moving party has an obligation to specifically identify in its motion why each of the four conditions of LR 40.4(b) is met." *Teamsters Local 705 Pension v. A.D. Conner, Inc.*, No. 10 C 6352, 2011 U.S. Dist. LEXIS 47853, at *3 (N.D. Ill. May 4, 2011).

The Ravago Plaintiffs do not contest the cases involve *some* of the same issues of fact or law, namely that both include a Fourteenth Amendment equal-protection challenge to the City Order. And the Ravago Plaintiffs acknowledge both cases are pending in the Northern District of Illinois, and that the both cases are in an early stage of proceeding (elements 1 and 3 of (b)). However, the Movants have not filed a motion with anything approaching the specificity required by 40.4(c). And even if they had filed a procedurally sufficient motion, this Court should still decline it because elements 2 and 4 of 40.4(b) are not met.

1. **The motion is procedurally deficient and should be denied on that basis alone.**

Before reaching the specific elements of subsection (b), this Court should deny the motion for failure to meet the standards of Rule 40.4(c). "[U]nder LR 40.4(c), the moving party has an obligation to specifically identify in its motion why each of the four conditions of LR 40.4(b) is met." *Teamsters Local 705 Pension*, 2011 U.S. Dist. LEXIS 47853, at *3. The movant must "specifically explain how the conditions for reassignment were met," element by element. *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2003 U.S. Dist. LEXIS 7466, at *11 (N.D. Ill. May 2, 2003). In other words, the movant must "sufficiently apply the facts of the case to each of 40.4(b)'s requirements." *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund v. Joseph/Anthony, Inc.*, No. 03 C 8707, 2004 U.S. Dist. LEXIS 13631, at *8-9 (N.D. Ill. July 15, 2004). Such specificity is necessary "[f]or the Court to make an informed decision as to reassignment." *KJ v. Cook Cty. Sch. Dist. 104*, No. 15 C 8551, 2016 U.S. Dist. LEXIS 6094, at *6 (N.D. Ill. Jan. 19, 2016). The movant must provide the judge a detailed plan for "how the handling of both cases by the same judge would result in substantial saving of judicial time and effort or how the Court could resolve the two cases in a single proceeding." *Teamsters Local 705 Pension*, 2011 U.S. Dist. LEXIS 47853, at *4. *Accord Clark v. Ins. Car Rentals, Inc.*, 42 F. Supp. 2d 846, 849 (N.D. Ill. 1999). Without enough specificity, the Court is left to grasp at straws whether the cases actually overlap sufficiently to justify reassignment.

Here the City "has done little to demonstrate" the elements are met. *Cent. States, Se. & Sw. Area Pension Fund v. Blue Sky Heavy Hauling, Inc.*, No. 08 C 3338, 2010 U.S. Dist. LEXIS 115934, at *9 (N.D. Ill. Oct. 28, 2010). Instead, the City's motion provides "general conclusory assertion that the conditions were met," not actual specifics or analysis. *Lawrence E. Jaffe Pension*

*Plan*, 2003 U.S. Dist. LEXIS 7466, at *11 (citing *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 174 F.R.D. 408, 411 (N.D. Ill. 1997)). The City provides exactly one paragraph of actual analysis in its motion, number 7, which basically just reiterates the elements of Rule 40.4(b) with at most a sentence of follow-on discussion about the alleged overlap of the cases. In other words, "Movants' motion merely asserts conclusions of law without more." *Sunstar, Inc. v. Alberto-Culver Co.*, Civil Action No. 01 C 0736, 01 C 5825, 2003 U.S. Dist. LEXIS 13492, at *9 (N.D. Ill. July 31, 2003).

Movants' motion provides no details as to the common issues of law and fact; it does not discuss whether Plaintiffs are similarly situated to Mr. Kozlov (in many respects they are not, as discussed below) or how their claims overlap with his claims (they overwhelmingly do not). It provides no plan for managing discovery or a joint trial. It provides zero specificity as to the savings of judicial resources beyond that the allegedly applicable precedent as to one claim against one order is similar. It appends the Ravago Plaintiffs' complaint but does not explain the extent of overlap (and non-overlap) with *Kozlov*. Nor does the City explain how Cook County fits into any of this, especially how to handle the three Ravago claims specific to Cook County (First Amendment Free Exercise; Fourteenth Amendment Procedural Due Process; and the Cook County regulation and ordinance).

In short, the City utterly "fails to specify *how* combining the cases will result in a substantial savings of judicial resources, nor does it pinpoint what issues for discovery will be the same in both cases or what matters are susceptible to disposition in a single proceeding." *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund*, 2004 U.S. Dist. LEXIS 13631, at *9. Such "conclusory statement[s are] inadequate under Local Rule 40.4(c)(2)." *KJ*, 2016 U.S. Dist. LEXIS 6094, at *6. "Failure to satisfy this pleading requirement, in and of

itself, serves as adequate grounds for denying the motion." *Teamsters Local 705 Pension*, 2011 U.S. Dist. LEXIS 47853, at *4.

If the Court nevertheless decides to overlook this procedural deficiency and reach the merits, it should conclude that reassignment is not appropriate.

**2.     Reassignment will not result in a substantial savings of judicial time and effort.**

"Under 40.4(b)(2), the judicial savings alleged by the moving party must be substantial; a mere assertion that some judicial time and effort would be saved by reassignment is insufficient." *Williams*, 2007 U.S. Dist. LEXIS 3970, at *4-5. That is all we have here: a mere assertion that one judge rather than two will have to read *Jacobson v. Massachusetts* and its progeny (even though the Ravago Plaintiffs do not contest *Jacobson*). That is not a substantial savings.

Courts have rightly rejected reassignment when "ultimately each case will require different discovery, legal findings and damages calculations." *Teamsters Local 705 Pension*, 2011 U.S. Dist. LEXIS 47853, at *5. *Accord Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 14 C 3618, 2020 U.S. Dist. LEXIS 257410, at *5 (N.D. Ill. Aug. 10, 2020) ("require 'different discovery, legal findings, defenses or summary judgment motions.'") (Quoting *Williams*, 2007 U.S. Dist. LEXIS 3970, at *2). Certainly that is the case here.

The primary reality here is that 10 of the 11 claims in the cases do not overlap, and the one that does overlap, they argue differently. Thus, the facial similarity (they both challenge the City's vaccine passport) is a façade for two very different cases. This is doubly so because the Ravago Plaintiffs also challenge the Cook County order, not just the City order as Mr. Kozlov does.

Mr. Kozlov brings a variety of claims: federal claims for "substantive due process, equal protection, and the Commerce Clause. He also brings state law claims for tortious interference

with contract and prospective business expectancy, unjust enrichment, and violation of Article VII, Section 6 of the Illinois Constitution [home rule]." Dkt. 35 at 1 (order on reconsideration).

The Ravago Plaintiffs also bring a variety of federal and state claims: First Amendment Free Exercise; Fourteenth Amendment equal protection; Fourteenth Amendment procedural due process; Article I, Section 6 of the Illinois Constitution; and actions in excess of the authority granted by Chicago's municipal code and Cook County's municipal regulations.

In other words, Mr. Kozlov brings two federal claims and three state law claims not present in the *Ravago* case. And the Ravago Plaintiffs bring two federal claims and three state law claims not present in the *Kozlov* case, including three claims specific to Cook County.

The cases only overlap on one claim, equal protection. And even there, the Ravago Plaintiffs plan to argue the equal protection question differently than Mr. Kozlov. The Ravago Plaintiffs are not challenging the validity of *Jacobson v. Massachusetts*; they are saying that the Orders fail even the rational basis protection provided by *Jacobson*. They have an expert report supporting their preliminary injunction motion and are arguing for heightened rational basis scrutiny under *Moreno/City of Clerburne.* Mr. Kozlov is taking a markedly different approach, arguing over things like natural immunity (an argument not featured in the Ravago Plaintiffs' papers). Thus, "the allegations in the two cases are related only in that limited sense" of having a single claim in common, and even that commonality is limited because of the different theories. *See Rosati's Franchise Sys. v. Rosati*, No. 05 C 3146, 2006 U.S. Dist. LEXIS 1837, at \*31-32 (N.D. Ill. Jan. 17, 2006).

Everything else flows from this fundamental distinction between the claims and theories. Discovery and witnesses will be different: The Ravago Plaintiffs plan to bring an expert witness in support of their equal protection claim, and have introduced an expert report in support of their

motion for preliminary injunction, which will require a deposition. Each of the eight Ravago Plaintiffs will testify as to their unique personal activities that are impacted by the order, as well as exploration of the religious beliefs of several specific plaintiffs. In Mr. Kozlov's case, it will require discovery of his contracts for sports entertainment, an issue unrelated to the Ravago Plaintiffs. The Ravago Plaintiffs are also pursuing claims against Cook County which are unrelated to Mr. Kozlov and will require discovery on a separate set of witnesses from the County.

"[T]hat certain of Medline's witnesses and experts may overlap is insufficient to show substantial savings of judicial time and effort." *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 14 C 3618, 2020 U.S. Dist. LEXIS 257410, at *5 (N.D. Ill. Aug. 10, 2020). Here, the Movants have not shown any overlap in witnesses in their motion, but even if they had argued they intend to call Dr. Arwady or another expert or official from the Health Department in both cases, such minimal overlap as to one or two City witnesses is insufficient to show a substantial savings.

Additionally, Mr. Kozlov requests class action status for his case, which will be a substantial briefing and argument lift. The Ravago Plaintiffs do not request class certification, and may be in the position of having to oppose or object to class certification for Mr. Kozlov's case so they can pursue their own claims independently. This could create the awkward situation of having counsel on the same side of the "v" in a "single proceeding" be opposed to one another on a key issue, just before they are expected to cooperate with and trust one another to try the merits.

Finally, the damages calculation will be different: Mr. Kozlov has contractual damages claims concerning his Bulls tickets that are unique to him. And several Ravago plaintiffs have unique damages, such as a resident musician and bartender who has been unable to secure any gigs or shifts since the orders went into effect. And again, in *Ravago* there will be a damages calculation for the County separate from the City.

At the end of the day, although both sets of plaintiffs challenge the same City order, they do so for entirely different and unrelated reasons, and the Ravago Plaintiffs also challenge a second, separate County order. "[T]he causes of action are fundamentally distinct as they are brought by two different plaintiffs, pursuant to two different statutes, and each requires proof of different factual elements." *Teamsters Local 705 Pension*, 2011 U.S. Dist. LEXIS 47853, at *5. *See Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund*, 2004 U.S. Dist. LEXIS 13631, at *11 ("[T]he two cases are premised on different legal theories"). At most, "although there may be some judicial resources saved by bringing together the two actions, there will not be the substantial saving of judicial time and effort that is contemplated by Rule 40.4." *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund*, 2004 U.S. Dist. LEXIS 13631, at *11.

This becomes even more obvious when compared to situations where cases *are* designated as related: "Each complaint, [] essentially mimics the fourteen-count amended complaint filed in *Apostolou*. . . The allegations focus on essentially the same behavior by the defendants, and the theories of liability are identical." *Apostolou v. Geldermann, Inc.*, 919 F. Supp. 289, 292 (N.D. Ill. 1996). The similarity of the complaints, sameness of the behavior, and identity of the legal theories in *Apostolou* illustrates the wide gap between the complaints and theories in these two cases.

### 3. The cases are not susceptible of disposition in a single proceeding.

"[C]ases are not susceptible to disposition in one proceeding where both cases present unique issues of law and fact." *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund*, 2004 U.S. Dist. LEXIS 13631, at *11. *See Williams*, 2007 U.S. Dist. LEXIS 3970, at *5 (similar). Here, the cases have very little overlap and numerous unique characteristics which predominate. As a result, "the fourth element is not met if motions for

summary judgment would be 'unique to each particular case.'" *Medline Indus., Inc*, 2020 U.S. Dist. LEXIS 257410, at *7 (quoting *Lawrence E. Jaffe Pension Plan*, 2003 U.S. Dist. LEXIS 7466, at *3). This would certainly be so in this case: "the cases involve claims under different statutory [or constitutional] subsections" for ten of the eleven claims between them, and different theories on the one claim they share. *Id*. In other words, ruling in favor or against one set of plaintiffs will not legally or logically require the Court to rule the same way against the other set of plaintiffs. The Court could deny all of Mr. Kozlov's claims but that would not mean that Court would have to deny any of the Ravago Plaintiffs' claims. Such different cases should not be merged.

This difference can also be seen by comparing this case to a case where such a motion was recently granted. There, "In both cases, the parties are the same and are represented by the same counsel; the primary witnesses—Portis and McKinney—are the same; many of the facts underlying Portis's charge of racial discrimination are the same or substantially similar; and 42 U.S.C. § 1981 will be at issue." *Portis v. McKinney*, No. 21-cv-2842, 2021 U.S. Dist. LEXIS 171091, at *6-7 (N.D. Ill. Sep. 9, 2021). Here, three of the four sets of parties are *not* the same; counsel are not the same; three of the four sets of witnesses are not the same; the facts have limited overlap; ten of the eleven governing provisions of law are different; and one half of the case will involve the Cook County order, which is not part of the *Kozlov* case. In short, attempting to merge these matters into a single proceeding will end up undermining efficiency as the Court and counsel wrestle with how to take two substantially different cases and force them onto the same track, and as counsel have to sit through depositions, wade through briefs, and monitor motions entirely unrelated to their own case.

## CONCLUSION

Plaintiffs' counsel have great respect for the Court; they appreciate the efficient and courteous manner in which their last case was handled. *Illinois Republican Party, et al. v. Pritzker*, 1:20-cv-03489 (N.D. Ill. 2020). However, they object to any effort to reassign their case into "a single proceeding" with the *Kozlov* case, which presents predominantly different claims, and makes different arguments as to the single common claim, and does nothing to challenge the County's illegal and unconstitutional order. The Movants bear the burden to prove the case for reassignment; they have failed on procedure and merits to do so.

DATED: February 18, 2021

                                               Respectfully submitted,

                                               /s/ Daniel R. Suhr*
                                               Daniel R. Suhr
                                               Jeffrey M. Schwab
                                               Liberty Justice Center
                                               141 W. Jackson Blvd., Suite 1065
                                               Chicago, Illinois 60604
                                               Telephone (312) 263-7668
                                               Facsimile (312) 263-7702
                                               dsuhr@libertyjusticecenter.org
                                               jschwab@libertyjusticecenter.org

* Counsel for the Ravago Plaintiffs appear in the *Kozlov* case for the limited purpose of opposing reassignment.

**CERTIFICATE OF SERVICE**

I, Daniel Suhr, an attorney, hereby certify that on February 18, 2022, I served the Ravago Plaintiffs' Opposition to Reassignment on all counsel of record by filing it through the Court's electronic case filing system.

/s/ Daniel Suhr